1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone:  (619) 756-7748*
*Patricia N. Syverson (020191)*
psyverson@bffb.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Morris, on behalf of herself and all those similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>Yardstick Management II, LLC, dba The Park Street Food Bar, an Arizona limited liability company,<br><br>          Defendant. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

        Plaintiff Brittany Morris ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Yardstick Management II, LLC dba The Park Street Food Bar ("Park Street" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage laws, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-363 *et seq.* (collectively the "Arizona Wage Statute").

**<u>NATURE OF THE ACTION</u>**

1. Plaintiff alleges on behalf of herself and all other similarly situated employees of Defendant who customarily and regularly receive tips and elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated employees of Defendant who customarily and regularly receive tips, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-362 *et seq.*

3. Plaintiff further alleges on her own behalf, pursuant to FLSA, 29 U.S.C. §§ 215(a)(3) and 216(b), and A.R.S. § 23-364, that she is entitled to reinstatement, lost wages, and damages, including liquidated and statutory damages, fees, and costs for Defendant's unlawful retaliation against her for complaining about unpaid minimum wage.

**JURISDICTION AND VENUE**

4. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

7.     The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

8.     At all relevant times, Defendant has been an "employer" and "person" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203 and 215(a)(3).

9.     Plaintiff and the other similarly situated employees who customarily and regularly receive tips are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), A.R.S. § 23-362(A), and are non-exempt employees and/or employees entitled to overtime and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, and A.R.S. § 23-362.

10.     At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

11.     At all relevant times, Defendant employed employees who customarily and regularly receive tips, including Plaintiff Brittany Morris and those persons similarly situated to Plaintiff who are members of the putative collective action and class action classes.

12.     At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**PARTIES**

13.     Park Street is an Arizona limited liability company that does business as a restaurant and bar in Phoenix, Arizona.

14.     Plaintiff Brittany Morris was, at all relevant times, an individual residing in Phoenix, Arizona.

15.     At all relevant times, Plaintiff Morris was employed by Park Street in Phoenix, Arizona, as a Server, Bartender, Food Runner, and Host, which were non-exempt positions that paid $8.50 per hour plus tips.  Plaintiff Morris' Consent to Become a Party

Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

### COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff Morris brings Count I, the FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees of Defendant:

> All employees who customarily and regularly receive tips, regardless of actual title, who worked for Defendant during the last three years ("Collective Action Members").

17.     Plaintiff, on behalf of herself and all other similarly situated employees who receive tips, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees the minimum wage for all hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

18.     Plaintiff is similarly situated to the Collective Action Members because they all are subject to similar payroll policies and procedures.  Defendant requires the similarly situated Collective Action Members to work hours for which they are not paid, causing their wages to fall below the minimum wage for employees who received tips required by law. The Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices and are subject to similar pay practices and job duties.

19.     Defendant's minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Collective Action Members regularly were not paid the proper minimum wage.

20.     Plaintiff and the Collective Action Members performed the same or similar job duties. Moreover, they had their hours deducted by Defendant. Accordingly, the

1  employees victimized by Defendant's unlawful pattern and practices are similarly situated
2  to Plaintiff in terms of employment and pay provisions.

3       21.    Defendant's failure to pay minimum wage compensation at the rates required
4  by the FLSA result from generally applicable policies or practices and do not depend on the
5  personal circumstances of the members of the collective action. Thus, Plaintiff's experience
6  is typical of the experience of the other non-exempt hourly employees who were eligible to
7  earn tips employed by Defendant.

8       22.    The Collective Action Members, including Plaintiff, regardless of their
9  precise job requirements or rates of pay, are entitled to the minimum wage. Although the
10 issue of damages may be individual in character, there is no detraction from the common
11 nucleus of facts pertaining to liability.

12      23.    Plaintiff will fairly and adequately protect the interests of the Collective
13 Action Members and has retained counsel experienced and competent in the practice of
14 wage and hour law and class and collective action litigation.  Plaintiff has no interest that
15 is contrary to or in conflict with the putative members of this collective action.

16 **<u>CLASS ACTION ALLEGATIONS</u>**

17      24.    Plaintiff brings Counts II and III, the Arizona Wage Statute unpaid wage
18 claims, as a Rule 23 class action on behalf of herself and the following persons:

19     All employees who customarily and regularly receive tips, regardless of
20     actual title, who worked for Defendant during the last three years ("Arizona
21     Class Members").

22      25.    Plaintiff's Rule 23 class claims satisfy the numerosity, commonality,
23 typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ.
24 P. 23.

25      26.    Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement
26 of a class action.  The Arizona Class Members identified above are so numerous that joinder
27 of all members is impracticable.  Although the precise number of potential class members
28 is unknown, and the facts for calculating that number are presently within the sole control

of Defendant, upon information and belief, there are more than forty Arizona Class Members.

27.     Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members.  Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

a.      whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;

b.      whether Defendant owes the Arizona Class Members wages in exchange for all work performed;

c.      whether Defendant owes the Arizona Class Members the minimum wage;

d.      whether Defendant timely paid the Arizona Class Members all wages due; and

e.      whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

28.     Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

29.     The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30.     A class action is appropriate for the fair and efficient adjudication of this controversy.  Defendant acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

1  Defendant, and/or substantially impair or impede the ability of the class members to protect

2  their interests.  The damages suffered by individual class members may be relatively small,

3  and the expense and burden of individual litigation make it virtually impossible for the

4  members of the class action to individually seek redress for the wrongs done to them.

5      31.    Plaintiff will fairly and adequately represent the interests of the Arizona Class

6  Members and has retained counsel experienced and competent in wage and hour law and

7  class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those

8  members of this class and collective action.

9                              **STATEMENT OF FACTS**

10     32.    Park Street is an "employer" within the meaning of the FLSA and the Arizona

11  Wage Statute.

12     33.    Plaintiff began employment with Park Street as a non-exempt employee paid

13  on an hourly basis plus tips, to perform duties as a Server, Bartender, Food Runner, and

14  Host.

15     34.    Plaintiff began working for Park Street on March 9, 2019, and Park Street

16  terminated her as a result of complaints she made about unpaid minimum wage in October

17  2019.  Her last day working for Park Street was October 18, 2019.

18     35.    Plaintiff was employed as a non-exempt employee eligible to and customarily

19  and regularly did receive tips in addition to her hourly wage.

20     36.    Plaintiff was paid at an hourly rate of $8.50 per hour plus tips.

21     37.    The Arizona Wage Statute, A.R.S. §§ 23-363(A), (B), establishes the

22  minimum wage that employers in Arizona must pay their employees.

23     38.    The minimum hourly wage for tipped employees in Arizona for 2019 is $8.00

24  per hour.  The minimum wage requirements for employees in Arizona are further outlined

25  in A.R.S. § 23-363.

26     39.    The FLSA provides that if the State law where the employee works mandates

27  a higher minimum wage, as is the case in Arizona for non-exempt employees like Plaintiff,

28  then that higher minimum wage must be paid.

40.     Plaintiff and the other similarly situated employees performed routine labor on behalf of Park Street.

41.     Park Street had a regular practice of making deductions from Plaintiff's paychecks for time she worked and reported on her time slips, resulting in Park Street failing to pay Plaintiff for all the time she worked.

42.     For example, Plaintiff and the similarly situated employees tracked their time on automated time slips.  However, Park Street routinely paid them for less hours than what was reflected on their time slips, resulting in unpaid wages including unpaid minimum wage.

43.     As a result of Park Street's practice of reducing its tipped employees' time, Park Street failed to compensate Plaintiff minimum wage for all hours worked.

44.     For example, Plaintiff's time slips for the period between September 9, 2019 and September 22, 2019 indicate that she worked 66 hours and 59 minutes.  However, Defendant's payroll records for Plaintiff indicate that she was only paid for 54.14 hours during this pay period at $8.50 per hour plus tips.  Her total compensation from her hourly wages for this pay period was $460.19.  Plaintiff's hourly wage for the hours she was suffered or permitted to work was $6.87, when calculating the amount she was compensated based on her hourly wage ($460.19) divided by total hours worked (66 hours and 59 minutes).  Thus, Park Street failed to pay Plaintiff the minimum wage required by law for employees in Arizona who customarily and regularly receive tips, which in 2019 was $8.00 per hour.

45.     This is one example of Defendant's pattern and practice of routinely failing to pay non-exempt, tipped employees like Plaintiff the proper minimum wages they are owed, which occurred during their employment.

46.     When Park Street reduced the time from Plaintiff's paychecks, it resulted in her wages falling below the minimum wage required.

47.　A significant part, if not all, of these unpaid wages is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

48.　In addition, Defendant failed to timely pay Plaintiff and the similarly situated employees all the wages they were due.

49.　Defendant failed to pay Plaintiff and the similarly situated employees all the minimum wage they are owed.  Defendant also bounced employees' payroll checks causing their wages not to be timely paid.  For example, on March 12, 2018 and August 8, 2019, Plaintiff's payroll checks were returned for insufficient funds causing her not to be timely paid wages due including the minimum wage.

50.　Park Street's policy and practice is to willfully deny its non-exempt employees like Plaintiff the minimum wage they are due and to withhold timely payment of the wages without a good faith basis for doing so.

51.　In fact, management acknowledged during Plaintiff's employment that she was not paid all the time she worked, but Park Street failed to pay her all the wages she was due as required by the FLSA and Arizona Wage Statute.

52.　Park Street's improper policies and compensation practices applied to Plaintiff and all similarly situated employees she purports to represent.

53.　In October 2019, Plaintiff complained to Park Street management about having her hours on her time slips deducted, resulting in her not being paid minimum wage she was due.

54.　For example, Plaintiff complained to management on October 3, 2019, October 5, 2019, and October 12, 2019 regarding Defendant's policy and practice of deducting hours for which she was required to work, which caused her wages to fall below the minimum wage.

55.　Plaintiff also complained to management when she worked during the week of October 14, 2019 and again on October 21, 2019, October 22, 2019, and October 28,

1  2019, about the unlawful minimum wage practice of automatically deducting from her time

2  hours she had worked.

3      56.    After Plaintiff complained about the minimum wage policies and practices

4  with Park Street management, management terminated her employment, which Plaintiff

5  learned on October 28, 2019.  Her final shift that she worked had been on October 18, 2019,

6  after which time she was removed from the schedule.

7      57.    Plaintiff was terminated as a direct and proximate result of her having

8  complained about practices resulting in her not receiving minimum wage she was due.

9      58.    Defendant's adverse employment action against Plaintiff was unlawful

10  retaliation for Plaintiff's complaints about Defendant's unlawful minimum wage pay

11  practices.

12      59.    Defendant's adverse employment actions were malicious and punitive in

13  nature and caused Plaintiff both economic and non-economic damages, including lost

14  wages, emotional distress, embarrassment, and other damages.

15                              **COUNT I**
                **VIOLATION OF THE FAIR LABOR STANDARDS ACT**
16  **(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA -**
    **29 U.S.C. § 206 *et seq.*; Brought Against Defendant by Plaintiff Individually and on**
17                  **Behalf of the Collective Action Members)**

18

19      60.    Plaintiff, on behalf of herself and all Collective Action Members, reasserts the

20  allegations set forth in the above paragraphs.

21      61.    Defendant paid Plaintiff and the Collective Action Members on an hourly

22  basis and tips, and they are and were all entitled to the minimum wage protections of the

23  FLSA as set forth in 29 U.S.C. §§ 201, *et seq.*

24      62.    At all relevant times, Defendant has been, and continues to be, subject to the

25  minimum wage and overtime provisions of the FLSA because its employees are engaged in

26  interstate commerce and Defendant has annual revenues in excess of $500,000.

27      63.    Plaintiff and the Collective Action Members are non-exempt employees

28  entitled to the statutorily mandated minimum wage according to the FLSA.

1      64.     Defendant was an employer pursuant to 29 U.S.C. § 203(d).

2      65.     Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to

3 pay the Collective Action Members the minimum wage as required by the FLSA.

4      66.     The work was performed at Defendant's direction and/or with Defendant's

5 knowledge.

6      67.     Defendant willfully violated the FLSA by failing to pay Plaintiff and the other

7 Collective Action Members all the minimum wage due.

8      68.     Defendant has acted neither in good faith nor with reasonable grounds to

9 believe that its actions and omissions complied with the FLSA.

10     69.     As a result of the aforesaid willful violations of the FLSA's minimum wage

11 pay provisions, Defendant has unlawfully withheld minimum wages from Plaintiff and the

12 Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the Collective

13 Action Members for unpaid wages including minimum wage compensation, an additional

14 equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable

15 attorneys' fees, and costs of this action.

16     WHEREFORE, Plaintiff and all similarly situated employees demand judgment

17 against Defendant, and pray this Court:

18        a.     Certify the claim set forth in Count I above as a collective action

19 pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated non-exempt

20 employees who customarily and regularly receive tips, regardless of actual title, who

21 worked for Defendant during the last three years, informing them of their right to file

22 consents to join the FLSA portion of this action;

23        b.     Designate Plaintiff Morris as the Representative Plaintiff of the

24 Collective Action and undersigned counsel as the attorneys representing the Collective

25 Action Members;

26        c.     Award Plaintiff and all similarly situated employees compensatory and

27 liquidated damages under 29 U.S.C. § 216(b);

28

1          d.     Award Plaintiff and all similarly situated employees prejudgment and

2    post-judgment interest as provided by law;

3          e.     Award Plaintiff and all similarly situated employees attorneys' fees

4    and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially

5    responsible for notifying the Collective Action Members of Defendant's alleged wage and

6    hour violations; and

7          f.     Award Plaintiff and all similarly situated employees such other relief

8    as this Court deems fair and equitable, including injunctive relief.

9    **COUNT II**
10    **FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE**
**ARIZONA WAGE STATUTE**
11    **(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendant**
**by Plaintiff Individually and on Behalf of the Arizona Class Members)**
12

13        70.    Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the

14    allegations set forth in the above paragraphs.

15        71.    At all material times hereto, Plaintiff and the Arizona Class Members were

16    employed by Defendant within the State of Arizona and have been entitled to the rights,

17    protections, and benefits provided under the Arizona Wage Statute.

18        72.    Plaintiff and the similarly situated employees were entitled to the minimum

19    wage as defined by A.R.S. § 23-363.

20        73.    Defendant was an employer pursuant to A.R.S. § 23-362(B).

21        74.    Defendant is aware that, under A.R.S. §§ 23-363, it was obligated to pay

22    minimum wage due to Plaintiff and the Arizona Class Members.

23        75.    Defendant failed to pay Plaintiff and the Arizona Class Members minimum

24    wage due without a good faith basis for withholding wages.

25        76.    Defendant has willfully failed and refused to pay minimum wage due to

26    Plaintiff and the Arizona Class Members.  As a result of Defendant's unlawful acts, Plaintiff

27    and the Arizona Class Members are entitled to the statutory remedies provided pursuant to

28    A.R.S. § 23-364.

1         77.    The state law claim, if certified for class-wide treatment, may be pursued by

2  all similarly situated persons who do not opt out of the Class.

3         WHEREFORE, Plaintiff and all similarly situated employees demand judgment

4  against Defendant and pray this Court:

5             a.     Certify the state law claim set forth in Count II above as a class action

6  pursuant to Rule 23 of the Federal Rules of Civil Procedure;

7             b.     Designate Plaintiff Morris as the Class Representative of the Arizona

8  Class Members and undersigned counsel as the attorneys representing the Arizona Class

9  Members;

10            c.     Award Plaintiff and all similarly situated employees compensatory

11  damages and statutory damages, plus costs and attorneys' fees, and all available remedies

12  pursuant to A.R.S. § 23-364;

13            d.     Award Plaintiff and all similarly situated employees prejudgment and

14  post-judgment interest as provided by law; and

15            e.     Award Plaintiff and all similarly situated employees such other relief

16  as this Court deems fair and equitable, including injunctive relief.

17
### COUNT III
18
### FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
19
**(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**
20

21         78.    Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the

22  allegations set forth in the above paragraphs.

23         79.    At all material times hereto, Plaintiff and the Arizona Class Members were

24  employed by Defendant within the State of Arizona and have been entitled to the rights,

25  protections, and benefits provided under the Arizona Wage Statute.

26         80.    Defendant was aware of its obligation to pay timely wages pursuant to A.R.S.

27  § 23-351.

28

1    81.    Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to

2 timely pay all wages due to Plaintiff and the Arizona Class Members.

3    82.    Defendant failed to timely pay Plaintiff and the Arizona Class Members

4 wages due without a good faith basis for withholding wages.

5    83.    Defendant has willfully failed and refused to timely pay wages due to Plaintiff

6 and the Arizona Class Members.  As a result of Defendant's unlawful acts, Plaintiff and the

7 Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S.

8 § 23-355.

9    84.    The state law claim, if certified for class-wide treatment, may be pursued by

10 all similarly situated persons who do not opt out of the Class.

11    WHEREFORE, Plaintiff and all similarly situated employees demand judgment

12 against Defendant and pray this Court:

13    a.    Certify the state law claim set forth in Count III above as a class action

14 pursuant to Rule 23 of the Federal Rules of Civil Procedure;

15    b.    Designate Plaintiff Morris as the Class Representative of the Arizona

16 Class Members and undersigned counsel as the attorneys representing the Arizona Class

17 Members;

18    c.    Award Plaintiff and all similarly situated employees compensatory

19 damages and treble damages, plus costs and attorneys' fees, and all available remedies

20 pursuant to A.R.S. § 23-350 *et seq.*;

21    d.    Award Plaintiff and all similarly situated employees prejudgment and

22 post-judgment interest as provided by law; and

23    e.    Award Plaintiff and all similarly situated employees such other relief

24 as this Court deems fair and equitable, including injunctive relief.

25
                    **<u>COUNT IV</u>**
26   **FLSA RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**
          **(Brought Against Defendant by Plaintiff Individually)**
27

28

85. Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

86. The FLSA prohibits any person from discharging or in any other manner discriminating against any employee who complains of a violation of the act or causes to be instituted any proceeding under or related to the act.

87. Plaintiff engaged in protected activity when she complained to Defendant about its unlawful failure to pay minimum wage owed pursuant to the FLSA.

88. As a direct and proximate result of Plaintiff's complaints about Defendant's unlawful minimum wage practices, Plaintiff was terminated.

89. There is a causal connection between Plaintiff engaging in the protected activity and Defendant's adverse employment action in that but for the Plaintiff engaging in the protected activity, Defendant would not have terminated Plaintiff's employment.

90. Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff.

91. Defendant's actions were punitive, malicious, and in direct retaliation for her complaints of FLSA violations.

92. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, embarrassment, and other economic and non-economic losses.

93. Defendant's conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

94. Defendant's conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Defendant therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a.      Order Defendant to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Defendant removed her;

b.      Award Plaintiff lost wages and non-economic damages flowing from Defendant's unlawful retaliation, plus an equal amount in liquidated damages and attorneys' fees and costs, compensatory and punitive damages;

c.      Award Plaintiff prejudgment and post-judgment interest as provided by law; and

d.      Award Plaintiff such other relief as this Court deems fair and equitable, including injunctive relief.

### COUNT V
**Retaliation Under the Arizona Minimum Wage Act, A.R.S. § 23-364**
**(Brought Against Defendant by Plaintiff Individually)**

95.      Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

96.      At all relevant times, Plaintiff was an employee under A.R.S. § 23-362 *et seq.*

97.      At all relevant times, Park Street was Plaintiff's employer under A.R.S. § 23-362 *et seq.*

98.      A.R.S. § 23-364 (B) makes it unlawful for employers to retaliate against employees for seeking to enforce their rights to minimum wage, or for informing or assisting another in enforcing their rights to minimum wage, and it establishes a rebuttable presumption that the employer engaged in unlawful retaliation if adverse action was taken against an employee within 90 days of asserting a claim or right to minimum wage.

99.      Park Street failed to pay Plaintiff minimum wage she was due, and retaliated against her by terminating her employment within days and well within 90 days of when Plaintiff raised complaints about minimum wage to management.

100.      Park Street violated A.R.S. § 23-364 by terminating Plaintiff's employment in retaliation for asserting her minimum wage rights under A.R.S. § 23-362 *et seq.*

1   101.   As a direct result of Park Street's conduct described herein, Plaintiff has

2   suffered emotional distress, reputational harm, lost income in the form of past, present, and

3   future wages and benefits, and other monetary and non-monetary benefits due.

4   102.   As a direct result of Park Street's conduct described herein, Plaintiff is entitled

5   to recover damages sufficient to compensate her for the harm suffered and deter future

6   violations, but not less than one hundred fifty dollars for each day that the violation

7   continued or until legal judgment is final.

8   WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

9   a.   Order Defendant to reinstate Plaintiff's employment to a reasonably

10   comparable employment position with comparable pay from which Defendant removed her;

11   b.   Award Plaintiff statutory damages under A.R.S. § 23-364(G);

12   c.   Award Plaintiff lost wages and non-economic damages flowing from

13   Defendant's unlawful retaliation, plus statutory damages and attorneys' fees and costs;

14   d.   Award Plaintiff prejudgment and post-judgment interest as provided

15   by law; and

16   e.   Award Plaintiff such other relief as this Court deems fair and equitable,

17   including injunctive relief.

18   **<u>DEMAND FOR JURY TRIAL</u>**

19   103.   Plaintiff hereby demands a jury trial on all claims for which she may have the

20   right to a jury.

21   DATED:  November 22, 2019.

22   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.

23

24      /s/Ty D. Frankel
Ty D. Frankel

25   2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016

26   Telephone: (602) 274-1100
Facsimile: (602) 798-5860

27

28

1

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

2

Patricia N. Syverson

3

600 W. Broadway, Suite 900
San Diego, California 92101

4

5

Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28