*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone:  (619) 756-7748*
*Patricia N. Syverson (020191)*
psyverson@bffb.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Morris, on behalf of herself and all those similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Yardstick Management II, LLC dba The Park Street Food Bar, an Arizona limited liability corporation, Yardstick Management, LLC dba The Park Street Food Bar, an Arizona limited liability company, Jerry Leon and Jane Doe Leon, husband and wife, Phillip Richard and Jane Doe Richard, husband and wife, Bob Garland and Jane Doe Garland, husband and wife,<br><br>        Defendants. | Case No. 2:19-cv-05673-DJH<br><br>**FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Brittany Morris ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendants Yardstick Management II, LLC dba The Park

Street Food Bar, Yardstick Management, LLC dba The Park Street Food Bar, Jerry Leon and Jane Doe Leon, Phillip Richard and Jane Doe Richard, and Bob Garland and Jane Doe Garland (Defendants hereinafter are collectively referred to as "Park Street") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage laws, A.R.S. § 23-350 *et seq*. and A.R.S. § 23-363 *et seq.* (collectively the "Arizona Wage Statute").

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of herself and all other similarly situated employees of Park Street who customarily and regularly receive tips and elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

2.      Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated employees of Park Street who customarily and regularly receive tips, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq*. and A.R.S. § 23-362 *et seq*.

3.      Plaintiff further alleges on her own behalf, pursuant to FLSA, 29 U.S.C. §§ 215(a)(3) and 216(b), and A.R.S. § 23-364, that she is entitled to reinstatement, lost wages, and damages, including liquidated and statutory damages, fees, and costs for Park Street's unlawful retaliation against her for complaining about unpaid minimum wage.

## JURISDICTION AND VENUE

4.      The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising

1    supplemental jurisdiction would be in the interests of judicial economy, convenience,

2    fairness, and comity.

3        6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c)

4    because substantial decisions and events giving rise to the claims occurred in the State of

5    Arizona within this District.

6        7.    The United States District Court for the District of Arizona has personal

7    jurisdiction because Park Street conducts business within this District and the actions giving

8    rise to this Complaint occurred in this District.

9        8.    At all relevant times, Park Street has been an "employer" and "person"

10   engaged in interstate "commerce" and/or in the production of "goods" for "commerce"

11   within the meaning of the FLSA, 29 U.S.C. §§ 203 and 215(a)(3).

12       9.    Plaintiff and the other similarly situated employees who customarily and

13   regularly receive tips are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-

14   350(2), A.R.S. § 23-362(A), and are non-exempt employees and/or employees entitled to

15   overtime and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, and A.R.S.

16   § 23-362.

17       10.   At all relevant times, Park Street was an employer as defined by 29 U.S.C. §

18   203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

19       11.   At all relevant times, Park Street employed employees who customarily and

20   regularly receive tips, including Plaintiff Brittany Morris and those persons similarly

21   situated to Plaintiff who are members of the putative collective action and class action

22   classes.

23       12.   At all relevant times, Park Street has been engaged in interstate commerce and

24   has been an enterprise whose gross annual volume of sales made or business done is greater

25   than $500,000.

26                                    **PARTIES**

27       13.   Defendant Yardstick Management LLC dba The Park Street Food Bar is an

28   Arizona limited liability company that does business as a restaurant and bar in Maricopa

                                        - 3 -

County, Arizona.  Yardstick Management LLC employed Plaintiff, exercised day-to-day control over Plaintiff's employment, and set policy with regard to and paid Plaintiff's wages.

14.     Defendant Yardstick Management II LLC dba The Park Street Food Bar is an Arizona limited liability company that does business as a restaurant and bar in Maricopa County, Arizona.  Yardstick Management II LLC employed Plaintiff, exercised day-to-day control over Plaintiff's employment and wages, and set policy with regard to and paid Plaintiff's wages.

15.     Upon information and belief, Yardstick Management LLC and Yardstick Management II LLC do business under the tradename of The Park Street Food Bar, which is a restaurant and bar operated in Maricopa County Arizona.

16.     Defendants Jerry Leon and Jane Doe Leon are husband and wife. Jane Doe Leon is a fictitious name for Jerry Leon's wife. When her true name has been ascertained, this Complaint may be amended accordingly. Jerry Leon and Jane Doe Leon have caused events to take place giving rise to this Complaint as to which their marital community is fully liable. Jerry Leon is Manager and Owner of Yardstick Management II LLC. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Jerry Leon exercised a management role at Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street Food Bar, and he set policies with regards to the amount and manner of compensation for Plaintiff and other employees. Jerry Leon was involved with the daily supervision of Plaintiff and payment of wages to her and the other employees.  As a person who acts in the interest of Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street Food Bar in relation to their employees on a day-to-day basis both as to their employment and compensation, Jerry Leon was an employer and is subject to individual liability under the FLSA.

17.     Defendants Phillip Richard and Jane Doe Richard are husband and wife. Jane Doe Richard is a fictitious name for Phillip Richard's wife. When her true name has been

ascertained, this Complaint may be amended accordingly. Phillip Richard and Jane Doe Richard have caused events to take place giving rise to this Complaint as to which their marital community is fully liable. Phillip Richard is Member and Owner of Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street Food Bar. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Phillip Richard, in his management role at Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street Food Bar, set policies with regards to the amount and manner of compensation for Plaintiff and other employees. Phillip Richard was involved with the daily supervision of Plaintiff and payment of wages to her and the other employees.  As a person who acts in the interest of Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street Food Bar in relation to their employees on a day-to-day basis both as to their employment and compensation, Phillip Richard was an employer and is subject to individual liability under the FLSA.

18.    Defendants Bob Garland and Jane Doe Garland are husband and wife. Jane Doe Garland is a fictitious name for Bob Garland's wife. When her true name has been ascertained, this Complaint may be amended accordingly. Bob Garland and Jane Doe Garland have caused events to take place giving rise to this Complaint as to which their marital community is fully liable. Bob Garland is Manager of Yardstick Management LLC dba at The Park Street Food Bar and Member of Yardstick Management II LLC dba The Park Street Food Bar. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Upon information and belief, Bob Garland set policies with regards to the amount and manner of compensation for Plaintiff and other employees in his role as Manager of Yardstick Management LLC dba The Park Street Food Bar and Member of Yardstick Management II LLC dba The Park Street Food Bar. As a person who is believed to act in the interest of Yardstick Management LLC dba The Park Street Food Bar and Yardstick Management II LLC dba The Park Street

Food Bar in relation to their employees on a day-to-day basis both as to their employment and compensation, Bob Garland was an employer and is subject to individual liability under the FLSA.

19.     Defendants Yardstick Management LLC dba The Park Street Food Bar, Yardstick Management II, LLC dba The Park Street Food Bar, Jerry Leon and Jane Doe Leon, Phillip Richard and Jane Doe Richard, and Bob Garland and Jane Doe Garland are collectively referred to as "Park Street" for purposes of the pleadings in this Complaint.

20.     Plaintiff Brittany Morris was, at all relevant times, an individual residing in Phoenix, Arizona.

21.     At all relevant times, Plaintiff Morris was employed by Park Street in Phoenix, Arizona, as a Server, Bartender, Food Runner, and Host, which were non-exempt positions that paid $8.50 per hour plus tips.  Plaintiff Morris has filed a Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b), which is attached to the original Complaint and was filed to opt her in to this action on November 22, 2019 at Doc. 1-2.  Plaintiff Morris' Consent to Become a Party Plaintiff and Opt-In to this Lawsuit pursuant to 29 U.S.C. § 216(b) (Doc. 1-2) is incorporated by this reference.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff Morris brings Count I, the FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees of Park Street:

> All employees who customarily and regularly receive tips, regardless of actual title, who worked for Park Street during the last three years ("Collective Action Members").

23.     Plaintiff, on behalf of herself and all other similarly situated employees who receive tips, seeks relief on a collective basis challenging Park Street's practice of failing to pay its employees the minimum wage for all hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may

be determined from Park Street's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

24. Plaintiff is similarly situated to the Collective Action Members because they all are subject to similar payroll policies and procedures.  Park Street requires the similarly situated Collective Action Members to work hours for which they are not paid, causing their wages to fall below the minimum wage for employees who received tips required by law. The Collective Action Members are also similarly situated because they all utilize Park Street's time recording and reporting practices and are subject to similar pay practices and job duties.

25. Park Street's minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Collective Action Members regularly were not paid the proper minimum wage.

26. Plaintiff and the Collective Action Members performed the same or similar job duties. Moreover, they had their hours deducted by Park Street. Accordingly, the employees victimized by Park Street's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

27. Park Street's failure to pay minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other non-exempt hourly employees who were eligible to earn tips employed by Park Street.

28. The Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to the minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

29. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel experienced and competent in the practice of

wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings Counts II and III, the Arizona Wage Statute unpaid wage claims, as a Rule 23 class action on behalf of herself and the following persons:

> All employees who customarily and regularly receive tips, regardless of actual title, who worked for Park Street during the last three years ("Arizona Class Members").

31.     Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

32.     Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action.  The Arizona Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendants, upon information and belief, there are more than forty Arizona Class Members.

33.     Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Park Street has acted on grounds generally applicable to all Arizona Class Members.  Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

a.      whether Park Street employed the Arizona Class Members within the meaning of the Arizona Wage Statute;

b.      whether Park Street owes the Arizona Class Members wages in exchange for all work performed;

c.      whether Park Street owes the Arizona Class Members the minimum wage;

d.      whether Park Street timely paid the Arizona Class Members all wages due; and

e.      whether Park Street is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

34.     Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

35.     The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

36.     A class action is appropriate for the fair and efficient adjudication of this controversy.  Park Street acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Park Street, and/or substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

37.     Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

**STATEMENT OF FACTS**

38.     Park Street is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

39.     Plaintiff began employment with Park Street as a non-exempt employee paid on an hourly basis plus tips, to perform duties as a Server, Bartender, Food Runner, and Host.

40.     Plaintiff began working for Park Street on March 9, 2019, and Park Street terminated her as a result of complaints she made about unpaid minimum wage in October 2019.  Her last day working for Park Street was October 18, 2019.

41.     Plaintiff was employed as a non-exempt employee eligible to and customarily and regularly did receive tips in addition to her hourly wage.

42.     Plaintiff was paid at an hourly rate of $8.50 per hour plus tips.

43.     The Arizona Wage Statute, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay their employees.

44.     The minimum hourly wage for tipped employees in Arizona for 2019 is $8.00 per hour.  The minimum wage requirements for employees in Arizona are further outlined in A.R.S. § 23-363.

45.     The FLSA provides that if the State law where the employee works mandates a higher minimum wage, as is the case in Arizona for non-exempt employees like Plaintiff, then that higher minimum wage must be paid.

46.     Plaintiff and the other similarly situated employees performed routine labor on behalf of Park Street.

47.     Park Street had a regular practice of making deductions from Plaintiff's paychecks for time she worked and reported on her time slips, resulting in Park Street failing to pay Plaintiff for all the time she worked.

48.     For example, Plaintiff and the similarly situated employees tracked their time on automated time slips.  However, Park Street routinely paid them for less hours than what was reflected on their time slips, resulting in unpaid wages including unpaid minimum wage.

49.     As a result of Park Street's practice of reducing its tipped employees' time, Park Street failed to compensate Plaintiff minimum wage for all hours worked.

50.     For example, Plaintiff's time slips for the period between September 9, 2019 and September 22, 2019 indicate that she worked 66 hours and 59 minutes.  However, Park Street's payroll records for Plaintiff indicate that she was only paid for 54.14 hours during this pay period at $8.50 per hour plus tips.  Her total compensation from her hourly wages for this pay period was $460.19.  Plaintiff's hourly wage for the hours she was suffered or permitted to work was $6.87, when calculating the amount she was compensated based on her hourly wage ($460.19) divided by total hours worked (66 hours and 59 minutes).  Thus, Park Street failed to pay Plaintiff the minimum wage required by law for employees in Arizona who customarily and regularly receive tips, which in 2019 was $8.00 per hour.

51.     This is one example of Park Street's pattern and practice of routinely failing to pay non-exempt, tipped employees like Plaintiff the proper minimum wages they are owed, which occurred during their employment.

52.     When Park Street reduced the time from Plaintiff's paychecks, it resulted in her wages falling below the minimum wage required.

53.     A significant part, if not all, of these unpaid wages is evidenced in Park Street's own payroll, time-recording, and attendance records, most of which are exclusively in Park Street's own possession.

54.     In addition, Park Street failed to timely pay Plaintiff and the similarly situated employees all the wages they were due.

55.     Park Street failed to pay Plaintiff and the similarly situated employees all the minimum wage they are owed.  Park Street also bounced employees' payroll checks causing their wages not to be timely paid.  For example, on March 12, 2018 and August 8, 2019, Plaintiff's payroll checks were returned for insufficient funds causing her not to be timely paid wages due including the minimum wage.

56.     Park Street's policy and practice is to willfully deny its non-exempt employees like Plaintiff the minimum wage they are due and to withhold timely payment of the wages without a good faith basis for doing so.

57.     In fact, management acknowledged during Plaintiff's employment that she was not paid all the time she worked, but Park Street failed to pay her all the wages she was due as required by the FLSA and Arizona Wage Statute.

58.     Park Street's improper policies and compensation practices applied to Plaintiff and all similarly situated employees she purports to represent.

59.     In October 2019, Plaintiff complained to Park Street management about having her hours on her time slips deducted, resulting in her not being paid minimum wage she was due.

60.     For example, Plaintiff complained to management on October 3, 2019, October 5, 2019, and October 12, 2019 regarding Park Street's policy and practice of deducting hours for which she was required to work, which caused her wages to fall below the minimum wage.

61.     Plaintiff also complained to management when she worked during the week of October 14, 2019 and again on October 21, 2019, October 22, 2019, and October 28, 2019, about the unlawful minimum wage practice of automatically deducting from her time hours she had worked.

62.     After Plaintiff complained about the minimum wage policies and practices with Park Street management, management terminated her employment, which Plaintiff learned on October 28, 2019.  Her final shift that she worked had been on October 18, 2019, after which time she was removed from the schedule.

63.     Plaintiff was terminated as a direct and proximate result of her having complained about practices resulting in her not receiving minimum wage she was due.

64.     Park Street's adverse employment action against Plaintiff was unlawful retaliation for Plaintiff's complaints about Park Street's unlawful minimum wage pay practices.

65.     Park Street's adverse employment actions were malicious and punitive in nature and caused Plaintiff both economic and non-economic damages, including lost wages, emotional distress, embarrassment, and other damages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*; Brought by Plaintiff Individually and on Behalf of the Collective Action Members)**

66.     Plaintiff, on behalf of herself and all Collective Action Members, reasserts the allegations set forth in the above paragraphs.

67.     Park Street paid Plaintiff and the Collective Action Members on an hourly basis and tips, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq.*

68.     At all relevant times, Park Street has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Park Street has annual revenues in excess of $500,000.

69.     Plaintiff and the Collective Action Members are non-exempt employees entitled to the statutorily mandated minimum wage according to the FLSA.

70.     Park Street was an employer pursuant to 29 U.S.C. § 203(d).

71.     Park Street failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Collective Action Members the minimum wage as required by the FLSA.

72.     The work was performed at Park Street's direction and/or with Park Street's knowledge.

73.     Park Street willfully violated the FLSA by failing to pay Plaintiff and the other Collective Action Members all the minimum wage due.

74.     Park Street has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

75.     As a result of the aforesaid willful violations of the FLSA's minimum wage pay provisions, Park Street has unlawfully withheld minimum wages from Plaintiff and the Collective Action Members.   Accordingly, Park Street is liable to Plaintiff and the Collective Action Members for unpaid wages including minimum wage compensation, an

1   additional equal amount as liquidated damages, pre-judgment and post-judgment interest,

2   reasonable attorneys' fees, and costs of this action.

3          WHEREFORE, Plaintiff and all similarly situated employees demand judgment

4   against Park Street, and pray this Court:

5          a.      Certify the claim set forth in Count I above as a collective action

6   pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated non-exempt

7   employees who customarily and regularly receive tips, regardless of actual title, who

8   worked for Park Street during the last three years, informing them of their right to file

9   consents to join the FLSA portion of this action;

10         b.      Designate Plaintiff Morris as the Representative Plaintiff of the

11  Collective Action and undersigned counsel as the attorneys representing the Collective

12  Action Members;

13         c.      Award Plaintiff and all similarly situated employees compensatory and

14  liquidated damages under 29 U.S.C. § 216(b);

15         d.      Award Plaintiff and all similarly situated employees prejudgment and

16  post-judgment interest as provided by law;

17         e.      Award Plaintiff and all similarly situated employees attorneys' fees

18  and costs as allowed by Section 216(b) of the FLSA, including that Park Street is financially

19  responsible for notifying the Collective Action Members of Park Street's alleged wage and

20  hour violations; and

21         f.      Award Plaintiff and all similarly situated employees such other relief

22  as this Court deems fair and equitable, including injunctive relief.

23
## COUNT II
## FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE
24
## ARIZONA WAGE STATUTE
25
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought by Plaintiff
Individually and on Behalf of the Arizona Class Members)**
26

27         76.     Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the

28  allegations set forth in the above paragraphs.

77.     At all material times hereto, Plaintiff and the Arizona Class Members were employed by Park Street within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

78.     Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by A.R.S. § 23-363.

79.     Park Street was an employer pursuant to A.R.S. § 23-362(B).

80.     Park Street is aware that, under A.R.S. §§ 23-363, it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members.

81.     Park Street failed to pay Plaintiff and the Arizona Class Members minimum wage due without a good faith basis for withholding wages.

82.     Park Street willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members.  As a result of Park Street's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

83.     The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Park Street and pray this Court:

a.      Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.      Designate Plaintiff Morris as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c.      Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

d.      Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT III**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE**
**ARIZONA WAGE STATUTE**
**(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought by Plaintiff**
**Individually and on Behalf of the Arizona Class Members)**

84.     Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

85.     At all material times hereto, Plaintiff and the Arizona Class Members were employed by Park Street within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

86.     Park Street was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

87.     Park Street was aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

88.     Park Street failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

89.     Park Street has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members.  As a result of Park Street's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

90.     The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Park Street and pray this Court:

a.      Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Morris as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

<u>**COUNT IV**</u>
**FLSA RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**
**(Brought by Plaintiff Individually)**

91. Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

92. The FLSA prohibits any person, including Park Street, from discharging or in any other manner discriminating against any employee who complains of a violation of the act or causes to be instituted any proceeding under or related to the act.

93. Plaintiff engaged in protected activity when she complained to Park Street about its unlawful failure to pay minimum wage owed pursuant to the FLSA.

94. As a direct and proximate result of Plaintiff's complaints about Park Street's unlawful minimum wage practices, Plaintiff was terminated.

95. There is a causal connection between Plaintiff engaging in the protected activity and Park Street's adverse employment action in that but for the Plaintiff engaging in the protected activity, Park Street would not have terminated Plaintiff's employment.

96. Plaintiff's protected activity was a motivating factor in the decision by Park Street to terminate Plaintiff.

97.     Park Street's actions were punitive, malicious, and in direct retaliation for her complaints of FLSA violations.

98.     As a direct and proximate result of Park Street's retaliation, Plaintiff suffered lost wages, emotional distress, embarrassment, and other economic and non-economic losses.

99.     Park Street's conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

100.     Park Street's conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Park Street therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

WHEREFORE, Plaintiff demands judgment against Park Street and prays this Court:

a.     Order Park Street to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Park Street removed her;

b.     Award Plaintiff lost wages and non-economic damages flowing from Park Street's unlawful retaliation, plus an equal amount in liquidated damages and attorneys' fees and costs, compensatory and punitive damages;

c.     Award Plaintiff prejudgment and post-judgment interest as provided by law; and

d.     Award Plaintiff such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT V
### Retaliation Under the Arizona Minimum Wage Act, A.R.S. § 23-364
### (Brought by Plaintiff Individually)

101.     Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

102.     At all relevant times, Plaintiff was an employee under A.R.S. § 23-362 *et seq.*

103.     At all relevant times, Park Street was Plaintiff's employer under A.R.S. § 23-362 *et seq.*

104.     A.R.S. § 23-364 (B) makes it unlawful for employers to retaliate against employees for seeking to enforce their rights to minimum wage, or for informing or assisting another in enforcing their rights to minimum wage, and it establishes a rebuttable presumption that the employer engaged in unlawful retaliation if adverse action was taken against an employee within 90 days of asserting a claim or right to minimum wage.

105.     Park Street failed to pay Plaintiff minimum wage she was due, and retaliated against her by terminating her employment within days and well within 90 days of when Plaintiff raised complaints about minimum wage to management.

106.     Park Street violated A.R.S. § 23-364 by terminating Plaintiff's employment in retaliation for asserting her minimum wage rights under A.R.S. § 23-362 *et seq.*

107.     As a direct result of Park Street's conduct described herein, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present, and future wages and benefits, and other monetary and non-monetary benefits due.

108.     As a direct result of Park Street's conduct described herein, Plaintiff is entitled to recover damages sufficient to compensate her for the harm suffered and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.

WHEREFORE, Plaintiff demands judgment against Park Street and prays this Court:

a.     Order Park Street to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Park Street removed her;

b.     Award Plaintiff statutory damages under A.R.S. § 23-364(G);

c.     Award Plaintiff lost wages and non-economic damages flowing from Park Street's unlawful retaliation, plus statutory damages and attorneys' fees and costs;

1              d.     Award Plaintiff prejudgment and post-judgment interest as provided

2    by law; and

3              e.     Award Plaintiff such other relief as this Court deems fair and equitable,

4    including injunctive relief.

5                              **<u>DEMAND FOR JURY TRIAL</u>**

6        109.    Plaintiff hereby demands a jury trial on all claims for which she may have the

7    right to a jury.

8        DATED:  January 8, 2020.

9                                      BONNETT, FAIRBOURN, FRIEDMAN
                                & BALINT, P.C.

10

11                                      /s/Ty D. Frankel
                                Ty D. Frankel

12                                     2325 E. Camelback Road, Suite 300
                                Phoenix, Arizona 85016

13                                     Telephone: (602) 274-1100
                                Facsimile: (602) 798-5860

14

15                                     BONNETT, FAIRBOURN, FRIEDMAN
                                & BALINT, P.C.

16                                     Patricia N. Syverson

17                                     600 W. Broadway, Suite 900
                                San Diego, California 92101

18

19                                     Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28